UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERMAINE GARNER,<br><br>　　　　　　　　　　　Petitioner,<br>　　v.<br><br>CCDC,<br><br>　　　　　　　　　　　Respondent. | Case No. 2:23-cv-01283-MMD-VCF<br><br>ORDER |

*Pro se* Petitioner Jermaine Garner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1-1 ("Petition").) Garner has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"). Further, Garner's Petition is entirely unexhausted, so this Court dismisses it without prejudice.

On April 21, 2023, in the Eighth Judicial District Court for the State of Nevada, the state filed an information charging Garner with possession of a stolen vehicle. *See State of Nevada v. Jermaine Garner*, Case No. C-23-373230-1. An order of commitment under NRS § 178.425 was entered on August 17, 2023. In another case, on June 7, 2023, in the Eighth Judicial District Court for the State of Nevada, the state filed an information charging Garner with possession of a stolen vehicle. *See State of Nevada v. Jermaine Garner*, Case No. C-23-374458-1. An order of commitment under NRS § 178.425 was also entered in this case on August 17, 2023. According to the Clark County Detention Center's inmate custody status, Garner is "pending Lakes Crossing." A search of the Nevada state appellate courts' docket reflects that Garner has not sought appellate review in any capacity.

In his Petition, Garner alleges that he has been suffering from "extreme stress" and depression because he has "been losing everything because of being incarcerat[ed]." (ECF No. 1-1 at 6.) Garner asks this Court to release him because he "want[s] to be with [his] family" and "want[s] to get everything fully recovered during the time [he has been] incarcerat[ed]." (*Id*. at 7.)

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Garner has not alleged or demonstrated that he has fully exhausted his state court remedies. *See, e.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018) (finding that a California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied); *see also Braden v. 30th Judicial Circuit Court*

*of Kentucky*, 410 U.S. 484, 489-92 (1973) (holding that pretrial detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claims). Indeed, Garner states that he has not appealed his sole ground for relief to the Nevada appellate courts. (ECF No. 1-1 at 6.) Moreover, Garner has outstanding avenues of state court relief, including, but not limited to, motions, petitions for mandamus relief, and appeals to Nevada's appellate courts. As a matter of simple comity, this Court is not inclined to intervene prior to giving the Nevada appellate courts an opportunity to redress any violation of Garner's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"). Accordingly, the Petition is entirely unexhausted, warranting dismissal.[1]

It is therefore ordered that the Petition (ECF No. 1-1) is dismissed without prejudice. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition to be debatable or wrong.

It is further ordered that the Clerk of Court: (1) file the Petition (ECF No. 1-1); (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents; (3) informally serve Respondents by sending a notice of electronic filing to the Nevada Attorney General's Office of the Petition (ECF No. 1-1) and this order[2]; (4) enter final judgment dismissing this action without prejudice; and (5) close this case.

DATED THIS 21st Day of August 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If necessary, Garner may file a new federal habeas petition upon exhaustion of his state court remedies.

[2] No response is required from Respondents other than to respond to any orders of a reviewing court.